UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GARY BASRALIAN,<br><br>*Defendant.* | Criminal Action No. 18-515<br><br>ORDER |

**THIS MATTER** comes before the Court by way of Defendant Gary Basralian's ("Defendant") Motion for Reduction of Sentence and Compassionate Release, under the First Step Act (the "FSA"), 18 U.S.C. § 3582(c)(1)(A) ("Section 3582(c)(1)(A)"), ECF No. 31 ("Def. Br.");

and it appearing that the United States of America ("the Government") opposes Defendant's Motion, ECF No. 32 ("Gov. Br.");

and it appearing that Defendant is currently incarcerated at FCI Fort Dix where he has served approximately six months of a seventy-month sentence for wire fraud in violation of 18 U.S.C. § 1343 and investment advisor fraud in violation of 15 U.S.C. §§ 80b-6, 80b-17, Gov. Br. at 1-2;

and it appearing that on April 30, 2020, Defendant filed the instant Motion, seeking reduction of his sentence or transfer to home confinement in light of the novel coronavirus 2019 ("COVID-19") pandemic, see generally Def. Br. at 1-2, 20;

and it appearing that the Government argues the Court should deny Defendant's Motion, in part, because Defendant has not fully exhausted his administrative remedies, Gov. Br. at 3-7;

and it appearing that Section 3582(c)(1)(A) of the FSA authorizes courts to reduce criminal sentences upon finding "extraordinary and compelling reasons" but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to

1

bring a motion on the defendant's behalf" or thirty days has elapsed from the facility warden's receipt of the defendant's request, 18 U.S.C. § 3582(c)(1)(A);

and it appearing that the Third Circuit recently found that "strict compliance" with Section 3582(c)(1)(A)'s exhaustion requirement is important, and a defendant's failure to adhere to it "presents a glaring roadblock foreclosing compassionate release," United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020);

and it appearing that here, Defendant has not exhausted his administrative remedies,[1] and thus, at this juncture, the Court lacks authority to decide Defendant's Motion, see United States v. Epstein, No. 14-487, 2020 WL 1808616, at *3-5 (D.N.J. Apr. 9, 2020) (holding that the court does not "possess authority to grant relief" under Section 3582(c)(1)(A) where defendant failed to exhaust administrative remedies); Durante v. United States, No. 16-8949, 2020 WL 2520280, at *1 (D.N.J. May 18, 2020) (noting that defendant originally moved under Section 3582(c)(1)(A) for compassionate release but the court denied that motion for failure to exhaust administrative remedies); Cordaro v. Finley, No. 10-75, 2020 WL 2084960, at *1 (M.D. Pa. Apr. 30, 2020) (observing that a court is without jurisdiction to consider a Section 3582(c)(1)(A) motion where the movant has not exhausted the statute's "mandatory" administrative remedies);

**IT IS** on this 8th day of June, 2020;

---

[1] Defendant alleges he submitted a request for compassionate release, which the BOP verbally denied. Def. Br. at 6 & Ex. A. Upon review, this request appears to be one for home confinement—not one for sentence reduction—governed by a separate statutory provision, 18 U.S.C. § 3624(c)(2). See Ex. A (requesting "immediate release to home confinement for health and compassionate reasons" based on Attorney General William Barr's directive that the BOP consider release for certain inmates susceptible to COVID-19). Such requests do not satisfy Section 3582(c)(1)(A)'s exhaustion requirement for sentence-reduction motions. See United States v. Viteri, No. 19-44, ECF No. 32, at *4-5 (D.N.J. Apr. 10, 2020).

**ORDERED** that the Defendant's Motion for Reduction of Sentence and Compassionate Release, ECF No. 31, is **DENIED** without prejudice.[2] Defendant may file a renewed motion upon his exhaustion of administrative remedies, or if thirty days lapse after he submits a request for sentence reduction to the BOP.

/s Madeline Cox Arleo
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

[2] Although the Court denies Defendant's Motion without prejudice, a few observations are worthwhile. First, should Defendant exhaust his administrative remedies, it is likely the Court will lack jurisdiction to grant immediate relief based on any renewed motion because Defendant's appeal of the Court's sentencing decision is pending before the Third Circuit. See Raia, 954 F.3d at 596-97 (observing that remand would allow the district court, which found it lacked jurisdiction, to consider the motion but declining to do so based on defendant's failure to exhaust administrative remedies); Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); see also Fed. R. Crim. P. 37 (explaining that district court who lacks authority over a timely motion for relief based on a pending appeal may "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue"). Second, without much context, the Government disclosed that, at some point, FCI Fort Dix tested Defendant, and Defendant tested positive for COVID-19. Gov. Br. at 2. Neither party has provided any further information about Defendant's present health condition, and Defendant has not complained that the BOP has failed to address his medical needs. This information would certainly impact the Court's merits analysis whether compelling circumstances warrant a reduction in Defendant's sentence.